### SHAW, Banking Com'r, v. HARRIS.
### (No. 682.)

Court of Civil Appeals of Texas. Waco.
May 30, 1928.

**1. Appeal and error ⟷1040(3)—Ruling sustaining special exception to first amended petition held not error, where second amended petition contained all material allegations.**

Where special exception was sustained to first amended petition and second amended petition contained all material allegations contained in first together with other affirmative matter, *held*, that sustaining exception to first petition was not error.

**2. Appeal and error ⟷1046(5)—Court's comment that witness knew mules held not error, where it was not claimed that verdict was excessive or was influenced by remark.**

Where, in determining value of mules, witness was testifying and objection was taken to testimony in regard to value on ground he was not qualified, and court in presence and hearing of jury made remark, "Let him go on, Campbell knows mules," *held* that, such comment was not error, in absence of claim that verdict was excessive or that remark of court may have influenced jury or caused them to assess greater value on mules.

**3. Chattel mortgages ⟷290—Private sale without court order, after obtaining possession of mortgaged chattels by sequestration, held not to forfeit attorney's fees.**

Where mortgagor sold some of mortgaged chattels and mortgagee, pursuant to terms of mortgage, declared whole amount due, and placed notes in hands of attorney for collection, who brought suit thereon, attorney's fee stipulated in notes immediately became due, and subsequent private sale without court order after securing possession, by sequestration, did not forfeit mortgagee's right to attorney's fee.

**4. Appeal and error ⟷1073(7)—Error in holding that plaintiff could not recover attorney's fees stipulated in note, because he had sold sequestered property at private sale without order, held not ground for reversal.**

Where trial court held as matter of law that attorney's fees stipulated in note could not be recovered, because plaintiff after getting possession of property by writ of sequestration sold same without order of court at private sale, *held* that, while error, it was not ground for reversal, and trial court should have subtracted sum and rendered judgment for defendant on cross-action with interest deducted.

**5. Interest ⟷49—Holder of notes converting property of maker of more than sufficient value to pay notes held not entitled to interest on notes.**

Where, before notes began to bear interest, holder had converted personal property of maker to own use and benefit, of more than sufficient value to pay said notes, *held*, that holder was not entitled to interest on notes.

Appeal from District Court, Freestone County; W. R. Boyd, Judge.

Action by James Shaw, Banking Commissioner, against L. M. Harris. Cross-action by the defendant. From a judgment for the defendant in the cross-action, the plaintiff appeals. Reformed and rendered in part, and affirmed in part.

W. V. Geppert and A. B. Geppert, both of Teague, for appellant.

C. H. Machen, of Mexia, and P. O. French, of Fairfield, for appellee.

BARCUS, J. In 1925, appellee executed two notes, one for $1,169, on which there was paid $10.71, and the other for $105, payable to the First State Bank of Teague on October 1, 1925, and gave as security therefor a chattel mortgage on certain mules, horses, cows, and farming tools, together with all his crop to be raised on 40 acres of land which he was renting from R. W. Smith in Freestone county. Thereafter said bank was taken charge of by Chas. O. Austin, banking commissioner. Said commissioner, under a provision authorizing same in the chattel mortgage, on August 8, 1925, declared each of said notes due and filed suit thereon, and obtained a writ of sequestration and had all of the mortgaged property sequestered. Appellee having failed to replevy the property within the time prescribed by law, the banking commissioner, on August 22, 1925, replevied same, and thereafter, without any order of court, proceeded to sell all of said property at private sale. In January, 1928, James Shaw, the then banking commissioner, filed his second amended petition, alleging that the banking commissioner had taken possession of all the property described in said chattel mortgage and had sold same, and asked that he recover the difference between the value of said property which he had received and the amount due on the notes, including interest up to the time the amended petition was filed, and attorney's fees. Appellee, by a cross-action, alleged that the property which had been taken possession of by appellant and converted to its own use was worth $2,500; that he was entitled to a

---

judgment canceling his debt and a judgment over against the appellant for the difference between the value of the property taken and the amount he owed at the time same was taken in 1925. The cause was submitted to a jury on special issues. The jury found that the property taken by the banking commissioner was worth $2,151, and that the amount of principal due on the two notes held by the bank against appellee was $1,263.-29. Said notes were payable October 1, 1925, and bore interest from their maturity date. The trial court entered judgment for appellee on his cross-action against appellant for the difference between the principal due on said note and the value of the property as found by the jury, to wit, $887.21, with 6 per cent. interest thereon from the date the property was sequestered, to wit, August 11, 1925.

[1] Appellant by his first assignment complains of the action of the trial court in sustaining a special exception of appellee to his (appellant's) first amended petition. We overrule this assignment. It does not appear that appellant has been in any way injured thereby. His second amended petition contains all the material allegations contained in his first amended petition, together with other affirmative matters pleaded.

[2] Appellant by his second assignment of error complains of the action of the trial court in stating to the jury that "Campbell knows mules." It appears from the record that Mr. Campbell traded with the banking commissioner for two of the mules which belonged to appellee, and he was placed on the stand by appellee to prove their value. He testified that he had lived in that county for 27 years and that he had traded for two of the mules the last of August or first of September in 1925, and that he knew the value of them at that time; that he still had the mules; and that they were worth $400. According to the bill of exception, while Campbell was testifying appellant objected to his testimony in regard to the value of the two mules, on the ground that he had not qualified, and the court at that time, in the presence and hearing of the jury, made the remark: "Let him go on, Campbell knows mules." Appellant thereupon excepted to the court's overruling his objections and excepted to the remark of the court. The only other testimony with reference to the value of said two mules was: Appellee testified they were worth $400, and R. R. Terry, a witness for appellant, testified that in his opinion the market value of these two mules was $300; that he offered said amount for them and it was refused; that he would give $400 for them. Appellant does not claim the verdict of the jury is excessive, or that the remark of the court in any way influenced the jury or caused them to assess a greater value on the two mules, or that he was in any way injured by said remark. Said assignment is overruled.

[3, 4] By his third and fourth assignments of error, appellant complains of the action of the trial court in submitting paragraph 5 of his charge to the jury, which was an explanation on the part of the court, under and by the terms of which, if the jury found certain facts to be true, the issuing of the writ of sequestration, the court stated, would be illegal and wrongful, and stated that if the writ of sequestration was issued illegally and wrongfully, appellant would not be entitled to recover any attorney's fees or interest; and in connection with paragraph 5, submitting special issue No. 1, in which the jury were asked if the writ of sequestration was illegally and wrongfully sued out, to which the jury answered, "Yes." Appellant objected to the submission of said paragraph 5 as well as special issue No. 1, on the ground that there was no evidence authorizing the trial court to refuse to permit it to recover the 10 per cent. attorney's fees provided for in said notes, or that would prevent it from recovering interest on said notes. The mortgage provides specifically that if appellee should sell any of the mortgaged property, appellant would have the right to declare each of said notes immediately due. It is shown without dispute that appellee did, before the suit was filed, dispose of certain portions of the mortgaged property, and appellant had the unquestioned right to and he did declare said notes due and placed same with an attorney for collection, and suit was brought, and the attorney's fees thereby became immediately due, regardless of any action which appellant may have thereafter taken with reference to the property. The trial court was in error in holding as a matter of law that appellant could not recover attorney's fees by reason of the fact that he did, after getting possession of the property by writ of sequestration, sell the same at private sale without any order from the court. This error does not require a reversal of the judgment of the trial court, since it appears without dispute that there was $1,263.29 due on the notes at the time suit was filed and at the time appellant converted the mortgaged property, which the jury found was worth $2,150. The trial court should have rendered judgment for appellant against appellee for the $1,263.29 principal due, plus $126.33 attorney's fees, a total of $1,389.62. This, subtracted from the $2,150, leaves $761.48, which is the amount for which the trial court should have rendered judgment for appellee on his cross-action against appellant, with interest thereon from the date of the conversion, which under the testimony was August 22, 1925.

[5] Appellant's contention that it is entitled to interest on the notes sued on is without merit. Before the notes began to bear interest, according to the testimony, appellant had converted personal property belonging to appellee to its own use and benefit of more

than sufficient value to pay said notes, and appellant in his pleadings alleged that he was ready to and offered to allow a credit on the notes for the value of the property taken.

There being no error in the record except the failure of the trial court to allow appellant the attorney's fees provided for in the notes, the judgment of the trial court is reformed, and judgment is here rendered for appellee against appellant for the sum of $761.48, with 6 per cent. interest thereon from September 22, 1925, and in all other respects the judgment of the trial court is affirmed.